Kenneth BRASSFIELD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–607.

Court of Criminal Appeals of Oklahoma.

May 23, 1986.

**462**

Michael E. Kelly, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Susan S. Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Kenneth Brassfield was charged and tried in the District Court of Muskogee County, Case No. CRF–82–503, for two counts of Knowingly Possessing and Disposing of a Stolen Vehicle, and one count of Conspiracy to Knowingly Conceal a Stolen Vehicle. The trial court sustained a demurrer as to the conspiracy count, but the jury convicted appellant on the remaining two counts. Punishment on each count was set at 24 months imprisonment, and fines of $1,500. and $2,750. The sentences were ordered to be served consecutively. We affirm.

On two occasions in July, 1982, Arthur Acevedo, an undercover police officer with the Muskogee Police Department, purchased two vehicles, later determined to be stolen, from the appellant and Rufus Boswell. During the sale of these vehicles, no mention of title was ever made. On both occasions, the officer was wired for audiotape recordings, and on the second a videotape was made. Boswell also testified at trial that the vehicles were indeed stolen. A blank title was seized on appellant's arrest. The appellant testified he had purchased the vehicles from Boswell, and had no reason to know that the vehicles were stolen.

### I.

In his first assignment of error, the appellant challenges the admission of the tape records, contending unintelligible portions thereof rendered them inadmissible. However, the appellant failed to object to these tapes at the time of their admission, and, in fact, defense counsel stated during an *in-camera* hearing that the tapes were admissible, in his opinion. This alleged error has therefore been waived. *Dyke v. State*, 716 P.2d 693, 57 O.B.J. 816, (Okl.Cr.1986).

### II.

Next, the appellant challenges the trial court's decision to permit the jury to use transcripts made from the tapes for reference during the playing of the recordings at trial. In this case, during an *in-camera* hearing, the State presented transcripts of the taped conversations, which had been prepared by a secretary in the District Attorney's Office. The trial court corrected by interlineation certain inaccuracies he noted in the transcripts during his review of the tapes. The transcripts were provided to the jury during the actual playing of the tapes, but were not used by the jury before or after, and were not admitted into evidence.

Appellant relies on *Bonicelli v. State*, 339 P.2d 1063 (Okl.Cr.1959) in support of his contention that use of the transcripts was improper. However, *Bonicelli* is readily distinguishable from the case at bar. In *Bonicelli*, a transcript of defendant's tape recorded confession was admitted into evidence, in addition to the tape itself. Hence, we held admission of the transcripts placed undue emphasis on that portion of the evidence, and error therefore occurred.

We are not inclined to extend *Bonicelli v. State,* in the manner urged by appellant. In this case, the transcripts were not admitted into evidence. They were used by the jury solely for reference during the playing of the tapes—not before or after. The trial court carefully charged the jury that it was to use the transcripts only to assist them in listening to the tapes and not to consider the transcripts as evidence. He also charged them that they should rely on their own hearing of the tapes, rather than the transcripts, and that "if you have a misunderstanding or confusion as to whether the matter that you're hearing on the tape is correct or the matter that you're seeing on the paper is correct, you must be controlled by what is on the tape itself." (Tr. 192). The jury also was informed that the documents were not official, sworn transcripts. Furthermore, in this case, a participant in the taping vouched for the accuracy of the tapes. Finally, prior to presenting the transcripts to the jury, defense counsel was permitted to suggest any changes that might be made in the transcripts, and to challenge the accuracy thereof. With these precautions, we find no error in the jury's limited use of the transcripts. *Accord United States v. Watson,* 594 F.2d 1330, 1336 (10th Cir.1979); and *United States v. Gordon,* 688 F.2d 42, 44 (8th Cir.1982).

### III.

Appellant next argues the trial court erred in permitting the prosecutor, in rebuttal, to admit physical evidence which could have been admitted earlier in the State's case. However, 22 O.S.1981, § 831(4) allows each party's the right to "offer rebutting testimony only, ... in furtherance of justice, *or to correct an evident oversight, permit them to offer evidence upon their original case.*" (Emphasis added). On examination of the record, it is clear the evidence was admitted to correct an oversight, and was properly recieved at the trial court's discretion. *See Helfrich v. State,* 640 P.2d 1367 (Okl. Cr.1982). This assignment of error is without merit.

### IV.

Finally, the appellant challenges the sufficiency of the evidence used to support his conviction. He contends the testimony of his accomplice, Boswell, was not sufficiently corroborated. *See* 22 O.S.1981 § 742. This argument is patently frivolous. The police officer's testimony and the tape recording adequately corroborated the testimony of Boswell. Furthermore, the appellant's knowledge was circumstantially established through the transactions, and his possession of the blank automobile title.

Accordingly, for the foregoing reasons, the judgment and sentence of the District Court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.