**Jack Lauren MARTIN,
Petitioner–Appellant,**

v.

**Stephen W. KAISER; Attorney General,
State of Oklahoma,
Respondents–Appellees.**

No. 89–6358.

United States Court of Appeals,
Tenth Circuit.

June 21, 1990.

---

Jack Lauren Martin, pro se.

Robert H. Henry, Atty. Gen., Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before ANDERSON, BALDOCK, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Jack Lauren Martin appeals *pro se* the denial of his petition for a writ of habeas corpus by the federal district court for the Western District of Oklahoma.* The following description of the procedural background of this appeal is taken from the district court's memorandum opinion:

"Petitioner was convicted, after jury trial, of six counts of solicitation of murder in the District Court of Oklahoma County, Case No. CRF–83–3244. These convictions were affirmed on direct appeal to the Court of Criminal Appeals. *Martin v. State,* 763 P.2d 711 (Okla. Crim.App.1988). Petitioner's convictions were obtained at his third trial on the charges, the first having ended in a mistrial due to a deadlocked jury, the second having resulted in convictions which were overturned by the Court of Criminal Appeals for reasons unrelated to the instant allegations. *Martin v. State,* 714 P.2d 602 (Okla.Crim.App.1986). Petitioner was convicted on each of the six counts after former conviction of a felony, and the jury set his punishment at 10 years, the minimum under Oklahoma

law. Okla.Stat. tit. 21, § 51 (1981). The trial court, after a presentence investigation report and comments from counsel, imposed the sentences to run consecutively."

In his petition below and on appeal, Martin asserted four errors in the Oklahoma courts: (1) jurisdictional error in trying him under the solicitation statute, (2) trial court error in admitting an enhanced tape recording and allowing the jury to view a transcript made therefrom, (3) unfair limitation by the trial court of petitioner's right of cross-examination, and (4) trial court error in sentencing Martin to six consecutive sentences for what petitioner alleges was one act of solicitation. These errors, he asserts, impinge on his constitutional rights under the Fifth and Sixth Amendments as made applicable to the states via the Fourteenth Amendment.

Martin raised the first three issues but not the fourth on direct appeal of his conviction, and the Oklahoma Court of Criminal Appeals rejected his allegations of error. *Martin v. State,* 763 P.2d 711 (Okla. Crim.App.1988). The district court denied Martin's petition, concluding that the first three issues were meritless and that the fourth was barred for failure to raise it below. We construe Martin's explanation of his failure to brief the last issue in his direct appeal in state court as essentially an argument that he was denied the effective assistance of counsel, an issue he could not assert until after failure of counsel and therefore one he could not raise except in connection with his habeas corpus petition in federal court. We, therefore, reach the issue of ineffective counsel.

We review the district court's conclusions of law *de novo.* After review of the entire record in the Oklahoma courts, we affirm the decision of the federal district court denying Martin's petition.

I

Oklahoma's statute prohibiting solicitation of first degree murder reads as follows:

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

"It shall be unlawful for any person ... to solicit another person or persons to cause the death of a human being by the act of murder in the first degree as is defined by [21 Okla.Stat. § 701.7]...."

21 Okla.Stat. § 701.16 (1981). Martin contends that this solicitation statute does not extend to him because (1) any murders solicited were to have been performed outside the state of Oklahoma, and (2) the statute covers solicitation only of murders triable under Oklahoma law, i.e., committed in Oklahoma.

■ This issue is easily disposed of. We agree with the district court and the Oklahoma appeals court that the statute governs the solicitation in Oklahoma of first degree murder, not the location of the murder itself. There is no dispute over the fact that the solicitations occurred within the state of Oklahoma, nor with the fact that murder is a crime in the states in which the solicited acts were to have been carried out. *Cf. State v. Self,* 75 Or.App. 230, 706 P.2d 975 (1985) ("one may be criminally liable in Oregon for soliciting the commission of a crime in another state, so long as that other state's offense has a counterpoint under Oregon law."); *People v. Burt,* 45 Cal.2d 311, 288 P.2d 503, 506 (1955) (solicitation of a person in California to commit a crime outside the state is an offense under the California solicitation statute); *Miller v. State,* 430 So.2d 611 (Fla.App.1983) ("rationale of the Burt decision prohibiting criminal solicitation no matter where the actual crime is to be committed [is] consistent with the Florida solicitation statute"). As *Burt* noted, solicitation itself is "inimical to the public welfare and to the safety and morals of the inhabitants of [a] state, regardless of where the solicited acts are to be performed...." *Burt,* 288 P.2d at 505–06. Since Oklahoma had jurisdiction to try Martin for solicitation, there was no constitutional deprivation in doing so.

## II

Martin next asserts that the trial court committed constitutional error in admitting into evidence an enhanced tape recording of a conversation between himself and a confidential informant. Attempts had been made to reduce the distortions on the original tape by reproducing it at variable speeds. The Louisiana state policeman who enhanced the recording had listened to the original conversation via a hidden mike. He testified that he had in no way tampered with the recording except to alter its speed. He also testified to the accuracy of the enhanced tape.

The jury was permitted to view a transcript made from the enhanced recording, although the transcript itself was not admitted into evidence. Martin also contends that the trial court erred in allowing the jury to see the transcript, which Martin described as very prejudicial.

■ We note first that any errors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law. *See Chavez v. Kerby,* 848 F.2d 1101, 1102 (10th Cir.1988); *see also Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). The Oklahoma Court of Criminal Appeals construed Oklahoma Rules of Evidence, 12 O.S. §§ 3001–3003 (1981), in concluding that the enhanced tape was admissible under Oklahoma law [1]. It relied on *Brassfield v. State,* 719 P.2d 461 (Okla.Crim.App. 1986), in concluding that non-evidentiary use of the transcripts by the jury was within the discretion of the trial court.[2] *See also United States v. Watson,* 594 F.2d 1330, 1335–36 (10th Cir.) (limited use of transcripts is within sound discretion of trial judge), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979).

---

1. The use of enhanced tapes has been upheld as well under federal law in situations in which the tapes were objected to. *See, e.g. United States v. Carbone,* 798 F.2d 21, 24 (1st Cir.1986) (tape enhanced to improve audibility is admissible if properly authenticated).

2. Limited, non-evidentiary use of transcripts by the jury was permitted under carefully controlled conditions in *Brassfield.* 719 P.2d 462–63. No limiting instructions were offered in the case before us.

■ We see no error in the Oklahoma appellate ruling that introduction of the enhanced tape and use of the transcript did not constitute an abuse of discretion. While it might have been wiser to advise the jury as to the limited applicability of the transcript for non-evidentiary purposes, such an instruction had been given earlier in the trial with respect to a previous transcript; it is likely that the earlier instruction would have been seen by jurors as applicable to subsequent introduction of other transcripts. In any event, failure to reiterate limiting instructions did not constitute constitutional error.

### III

■ Martin contends that the trial court sustained numerous objections to an entire line of cross-examination that was aimed at establishing his defenses of entrapment and duress. Having reviewed the entire transcript, we conclude that the trial court committed no error of constitutional proportions. As the district court noted, defense counsel's technique in attempting to impeach witnesses by their previous testimony was deficient, and defense counsel's questioning frequently became highly repetitious. Under the circumstances, the court showed considerable latitude to defense counsel. Furthermore, we do not think that the court's interruption of defense counsel's closing argument raised an error of constitutional proportions. Although the court may have misconstrued where the defense counsel was heading and needlessly shortcircuited a comment questioning the prosecution's ability to prove that Martin was lying, the error, if such it was, did not rise to a violation of Martin's Fifth or Sixth Amendment rights.

### IV

Finally, Martin argues that his six consecutive ten-year sentences amounted to double jeopardy and that his trial attorney had raised a double jeopardy argument in the petition of error to the Oklahoma Court of Criminal Appeals. Martin contends that his double jeopardy argument was not briefed to the same court, as required to allow its consideration, because his attorney died suddenly and was replaced at the last minute. Because Martin's petition for a writ of habeas corpus is a *pro se* petition, and because a constitutional right is at stake, we construe his double jeopardy argument in its most favorable light as an argument that the substitute attorney rendered ineffective assistance with respect to the sentencing phase of his trial. *See Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 1927, 104 L.Ed.2d 540 (1989) (*pro se* petition construed liberally). We, therefore, reach this argument on appeal.

Martin's previous attorney gave a clear indication to the sentencing judge and to the Oklahoma Court of Criminal Appeals that he intended to raise a double jeopardy argument based on the difference between Martin's sentences at his second trial, which consisted of six concurrent life sentences, and his six consecutive ten-year sentences at his third trial. He stated that, as Mr. Martin was already advanced in years, a sixty-year sentence was more severe than a life sentence and raised double jeopardy concerns.

Martin, proceeding in federal court *pro se*, may have failed to understand the thrust of his attorney's argument, which was based on *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969) (where sentence upon retrial is more severe than at previous trial, court must offer reason based on defendant's conduct occurring after previous trial). In any event Martin converted it into an argument that the double jeopardy issue arose out of his multiple convictions for what he thought was one act of solicitation. We consider each argument in turn, concluding that each is without merit.

■ There is no question but what imposition of six sentences for six separate counts of solicitation by themselves did not constitute double jeopardy. Each count was based on solicitation of a separate act of first degree murder; the fact that all six solicitations took place at one time does not negate the fact that Martin's convictions, on which the sentencing was based, were for soliciting the murders of six separate

·persons. To convict on each count required proof that a different individual was being targeted for murder on each count. *See United States v. Peterson,* 867 F.2d 1110, 1115 (8th Cir.1989) (test for duplicative charges is whether each charge requires proof of an element that the other does not); *see also Stohler v. Oklahoma,* 751 P.2d 1087 (Okla.Crim.App.1988) (offenses are separate where each requires proof of some fact or element which the other does not require). Therefore, failure to brief this argument could not constitute ineffective assistance of counsel because the argument is meritless. *See Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984) (no ineffective assistance of counsel absent a showing of reasonable probability that outcome would have been different).

■ We turn next to a consideration of whether Martin's six consecutive ten-year sentences were more severe than the previously imposed concurrent life sentences, thereby requiring an explanation that was not given by the trial court. While we are sympathetic to the fact that the defendant is a senior citizen and that a collective sixty-year sentence may seem superficially to be more severe than a life sentence, we reject this argument. Nothing on its face except a death sentence can be more severe than a life sentence, because what may seem like a sentence that exceeds a person's expected life span is in reality a sentence that will also terminate upon the death of the prisoner; it cannot extend longer than a life sentence.[3] We conclude that Martin's double jeopardy argument is meritless, and, therefore, so is any argument that he received the ineffective assistance of counsel with respect to the appeal of his sentence.

---

3. Martin's first attorney, in his petition of error to the Oklahoma Court of Criminal Appeals, raised no argument that Oklahoma's parole regulations should be considered in determining whether Martin's consecutive ten-year sentences were more severe than his concurrent life sentences, and we express no opinion on the need for such a consideration. We note in passing, however, that apparently wherever a sentence under Oklahoma law is for forty-five years or

We have considered all other arguments put forward by the petitioner and find them meritless. We affirm the district court's denial of Martin's petition for a writ of habeas corpus.

AFFIRMED.

longer, including life, a prisoner is eligible for parole in fifteen years under the Oklahoma prison regulations. *Fields v. State,* 501 P.2d 1390 (Okla.Crim.App.1972). Although the pertinent prison regulations are not in the record, Martin's six consecutive ten-year sentences may make him eligible for parole at the same time that he would have become eligible under his concurrent life sentences. In any event, parole considerations are not dispositive here.