963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack L. MARTIN, Petitioner-Appellant,
v.
Stephen W. KAISER, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-6042.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Martin, a state inmate, appeals pro se the denial of habeas corpus relief.
 
 
 3
 Mr. Martin filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254. Therein he alleged he had been convicted of six counts of solicitation of murder. This petition, while filled with legal maxims, is difficult to decipher. It appears three grounds for relief are cited: (1) the state court's denial of postconviction relief was erroneous;[1] (2) ineffective assistance of counsel in pursuing postconviction relief; and (3) prejudice resulting from the actions of the trial court in allowing police officers to sit at the prosecuting attorney's table.
 
 
 4
 The state filed a response, asserting this petition to be Mr. Martin's second federal habeas corpus action challenging the six convictions and claiming this petition to be an abuse of the writ.
 
 
 5
 The matter was referred to a magistrate judge who reviewed the procedural history, including a prior determination by this court, see Martin v. Kaiser, 907 F.2d 931 (10th Cir.1990). The magistrate judge concluded this action was an abuse of the writ as Mr. Martin failed to show cause and prejudice. In the alternative, Mr. Martin failed to show a miscarriage of justice would result from the failure to entertain his petition.
 
 
 6
 Although untimely filed, the district court considered Mr. Martin's response to the magistrate judge's report. Nevertheless, the district court adopted the magistrate judge's recommendations and denied relief.
 
 
 7
 Mr. Martin appeals pro se and, in a voluminous brief filled with legal citations, apparently asserts as major points: (1) the Oklahoma court decisions were wrong; and (2) he was denied effective assistance of trial counsel. We grant Mr. Martin a certificate of probable cause and permission to proceed in forma pauperis.
 
 
 8
 Mr. Martin misperceives applicable law. In his first federal habeas corpus petition, which was also pro se, he raised four issues and relief was denied. See Martin, 907 F.2d at 933. Before the federal courts will even consider a second habeas corpus petition Mr. Martin must show both cause for failing to raise the new issues and actual prejudice resulting therefrom. In the absence of a showing of cause, new claims will be considered only if Mr. Martin can demonstrate a miscarriage of justice would result from the court's failure to consider the new issues. McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1470 (1991). Mr. Martin has failed to make the required showing.
 
 
 9
 We first note this court, in Mr. Martin's first appeal, specifically found Mr. Martin was not denied ineffective assistance of counsel. Martin, 907 F.2d at 936. This point was raised, addressed, and decided adversely to Mr. Martin. It cannot now be raised again.
 
 
 10
 We next note Mr. Martin has the burden to conduct a reasonable and diligent investigation so all alleged errors can be heard the first time. This is a harsh but necessary rule. All litigation must eventually come to an end. The result of this law is that the first federal habeas corpus petition must be complete and thorough. A subsequent change in law is usually not sufficient to successfully pursue a second federal habeas corpus; nor is ignorance of the law; nor is state court error. Mr. Martin had the burden of showing some factor external to the defense caused him not to raise the issue and this was prejudicial to his defense. Mr. Martin failed to meet his burden.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Like the district court, we construe ground one as a request to review the remainder of Mr. Martin's alleged constitutional violations