999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Craig S. WILSON, Petitioner-Appellant,
v.
Robert D. HANNIGAN; Attorney General of Kansas,
Respondents-Appellees.
 No. 92-3383.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Craig S. Wilson appeals from the district court's denial of his petition for a writ of habeas corpus. Wilson, appearing both pro se and in forma pauperis,[1] filed his petition pursuant to 28 U.S.C. § 2254. He seeks immediate release from state custody in Hutchinson, Kansas, where he is serving concurrent sentences of fifteen years to life following his conviction on two counts of aggravated criminal sodomy. On appeal, Wilson contends that 1) his conviction was based on insufficient evidence and therefore violates due process, and 2) his trial counsel was ineffective in violation of his Sixth Amendment rights.
 
 
 2
 Our jurisdiction arises from 28 U.S.C. § 2253. In our examination of the district court's order, we review Wilson's contentions of legal error de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990). On review of a habeas decision, the state court's factual findings, with certain specified exceptions, carry a presumption of correctness. 28 U.S.C. § 2254(d); Hernandez v. New York, 111 S.Ct. 1859, 1869 (1991). Finally, we construe Wilson's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). After our careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided these issues. Therefore, for substantially the same reasons set forth in the district court's order dated October 8, 1992, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 On appeal, Wilson raises various arguments in connection with the district court's denial of his motions to proceed in forma pauperis and for a certificate of probable cause. He also contends that the district court incorrectly construed a letter requesting those forms as a notice of appeal and, further, wrongly denied his actual notice of appeal as duplicative. In light of his ongoing appeal and this court's order granting in forma pauperis status and a certificate of probable cause, we will not address Wilson's arguments on these points