16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milton L. HERD, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-636.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Herd, a state inmate and pro se litigant, appeals the dismissal of his habeas petition.
 
 
 3
 Mr. Herd was convicted in a state court located in the Eastern District of Oklahoma. He was incarcerated in a state facility located in the Northern District of Oklahoma. For reasons known only to Mr. Herd, he chose to file this habeas action in the Western District of Oklahoma.
 
 
 4
 The district court dismissed the habeas petition without prejudice for refiling in the proper district. We review the district court's conclusion of law de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990).
 
 
 5
 Mr. Herd attempts to appeal this decision and asks for permission to proceed in forma pauperis. In his brief on the merits, Mr. Herd argues the merits of his petition rather than the action of the district court, which did not address the merits.
 
 
 6
 We grant Mr. Herd permission to proceed in forma pauperis because we must address the merits to rule upon this motion.
 
 
 7
 We AFFIRM the decision of the district court. The district court lacked both subject matter jurisdiction and proper venue. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-01 (1973).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470