30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Lee KIRKPATRICK, Petitioner-Appellant,
v.
Gary STOTTS and the Attorney General of Kansas, Respondents-Appellees.
 No. 93-3320.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Danny Lee Kirkpatrick appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. In addition to issues he later waived because they were not exhausted or conceded based on applicable law, petitioner alleged ineffective assistance of trial counsel and an error by the trial court in denying his motion to acquit on the charge of aggravated battery.
 
 
 4
 We review the district court's conclusions of law de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990). The state court's factual findings carry a presumption of correctness. 28 U.S.C. 2254(d)(identifying exceptions not applicable here). We review petitioner's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 5
 Petitioner was convicted of raping his twelve year old niece. He was sentenced to fifteen years to life for rape, one to five years for attempted aggravated sodomy, and one to ten years for aggravated battery. The sentences were to run consecutively. Petitioner appealed and the Kansas Supreme Court affirmed. See Kirkpatrick v. State, No. 53,528 (Kan. filed May 8, 1982).
 
 
 6
 Petitioner based his ineffective assistance of counsel claim on the fact that counsel failed to move to suppress evidence allegedly seized in an unconstitutional search until trial, at which time it was denied as untimely. Petitioner alleged the motion to suppress was untimely because counsel did not learn of the search during the course of pretrial discovery. Petitioner contends he is entitled to relief because his case parallels Kimmelman v. Morrison, 477 U.S. 365 (1986). We disagree.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In Kimmelman, the Court held the petitioner had met the first prong of Strickland because counsel had not conducted any pretrial discovery. Apparently counsel mistakenly believed the state was obliged to turn over all inculpatory evidence without a prior request by the defendant. Kimmelman, 477 U.S. at 385.
 
 
 8
 Here counsel made an oral request that the state turn over its evidence. We must be highly deferential in our judicial scrutiny of counsel's performance. See Strickland, 466 U.S. at 689. Petitioner has not overcome the "strong presumption" that counsel's decision not to interview the prosecution's witness who later testified that a search took place was sound trial strategy. Id. Looking at the totality of the representation and not just this one incident, we cannot say counsel was ineffective.
 
 
 9
 Petitioner's claim that the trial court erred in denying his motion for acquittal on the charge of aggravated battery is likewise without merit. Aggravated battery requires specific intent. Kan. Stat. Ann. 21-3414. Petitioner held a knife to the victim's throat, bound her, and raped her with the knife lying beside her. These facts are sufficient to show intent to injure. The fact that the victim was cut when petitioner contends he was only trying to obtain control of the knife does not negate petitioner's intent to injure.
 
 
 10
 Petitioner's outstanding motions are denied. In particular we note petitioner's motion to remand for an evidentiary hearing apparently on the grounds of newly discovered evidence. This claim must first be exhausted in state court. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981).
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470