**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DEAN EDIGER,

    Petitioner-Appellant,

v.

H. N. SCOTT,

    Respondent-Appellee.

No. 01-6126

No. 01-6143
(D.C. No. CIV-99-95-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Petitioner Michael Dean Ediger, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas petition. We deny the request for a certificate of appealability and dismiss the appeal.

Ediger was convicted of assault and battery with a dangerous weapon after former conviction of two or more felonies and was sentenced to twenty-five years' imprisonment. His conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in his direct appeal on August 11, 1997. His application for state post-conviction relief was denied on September 1, 1998, and the OCCA affirmed the denial of relief on November 4, 1998.

On January 22, 1999, Ediger filed his § 2254 petition, alleging ten grounds of error. In a comprehensive report and recommendation, the magistrate judge recommended that the petition be denied on all grounds. The magistrate found three grounds were procedurally barred under Oklahoma law because of failure to raise them on direct appeal. The remaining seven grounds were rejected on the merits. The district court adopted the recommendations of the magistrate and denied the petition.

Procedural bar

Ediger contended (1) that certain witnesses essentially were allowed to serve as jurors because they were allowed to testify on an ultimate issue; (2) the trial court failed to resolve an alleged conflict of interest with defense trial counsel; and (3) the trial court erroneously instructed the jury on circumstantial evidence. The OCCA refused to address the merits of these claims and found them procedurally barred under Okla. Stat. tit. 22,

2

§ 1986.

"In a habeas proceeding, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). Ediger does not contend that Oklahoma's procedural default rule is not "strictly or regularly followed" and applied "evenhandedly to all similar claims," and therefore the statutory procedural bar is "adequate." See Andrews v. Deland, 943 F.2d 1162, 1188 n.40 (10th Cir. 1991). Thus, for a federal court to reach the merits of procedurally barred claims, Ediger must show cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993). He does not assert a fundamental miscarriage of justice.

In his application for a certificate of appealability, Ediger lists his witness and instruction issues, but focuses on counsel's alleged conflict of interest. Specifically, Ediger asserts that the trial court failed to inquire into an alleged conflict of interest with defense trial counsel. However, the magistrate found Ediger failed to demonstrate any prejudice as a result of the failure to inquire. At no point in his habeas petition did Ediger state the nature of the conflict. The magistrate found "the Petitioner's allegation that a conflict of interest actually existed at trial is little more than speculation, which is insufficient to state a claim for relief." Report at 14.

While Ediger contends he has established cause, his claim under Strickland v. Washington, 466 U.S. 668 (1984), must ultimately fail because he must also establish prejudice. Ediger asserts that the ineffectiveness of his appellate counsel satisfies the definition of "cause" because counsel failed to raise these issues in the direct appeal. To constitute such cause, he must show that the alleged ineffective assistance of counsel fell below the minimum standard enunciated in Strickland. Even if he could show that counsel's performance fell below this standard, he must show "there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 695. Ediger has failed to demonstrate that counsel's failure to raise the issues in the direct appeal constituted prejudice and therefore he has failed to satisfy his burden under Strickland.

Evidentiary rulings

Ediger also alleged the trial court erred in: (1) admitting evidence of two prior convictions; (2) admitting gruesome photographs of the victim in his hospital bed; and (3) allowing an "evidentiary harpoon" against him during the direct examination of a police officer. "[E]rrors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaisere, 907 F.2d 931, 934 (10th Cir. 1990). The magistrate found that the OCCA concluded these three evidentiary claims were without merit, and further found that none of the claims were "so unduly prejudicial" that the trial was rendered fundamentally

4

unfair. We agree and conclude that Ediger has failed to demonstrate a substantial showing of the denial of a constitutional right with respect to these grounds.

## Prosecutor's remarks

Ediger argues the prosecutor improperly referred to his prior felony convictions during cross-examination of Ediger and in closing arguments, and improperly repeated the "ultimate issue" evidence during closing arguments. The magistrate found that "in light of the abundant evidence of [Ediger's] guilt," Ediger could not show that, absent the prosecutor's remarks, he probably would have been acquitted. Report at 23. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (stating that federal habeas relief is not granted based on prosecutorial misconduct unless such conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

## Ineffective assistance of counsel

Ediger alleges that his trial counsel and his appellate counsel rendered ineffective assistance in failing to preserve his first three claims which were procedurally defaulted. The magistrate found that Ediger was not entitled to relief on this issue because the procedurally defaulted claims were without merit. Therefore, neither trial nor appellate counsel was ineffective.

## Accumulation of error

Ediger states that his "Fourteenth Amendment right to due process and equal protection of the law was violated by the accumulation of error." Brief at 34. Because

5

none of the grounds for relief have merit, this assertion must also fail.

We DENY a certificate of appealability and DISMISS the appeal for substantially the same reasons as set forth in the magistrate's report dated June 26, 2000, and the district court's order dated March 23, 2001.

Entered for the Court

Mary Beck Briscoe
Circuit Judge