David R. BROWN, Petitioner–
Appellant,

v.

Michael A. NELSON, Warden, El Dora-
do Correctional Facility; Attorney
General of the State of Kansas, Re-
spondents–Appellees.

No. 01–3371.

United States Court of Appeals,
Tenth Circuit.

April 26, 2002.

Before TACHA, Chief Judge, EBEL
and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Pro se petitioner David R. Brown, a
Kansas state prisoner, seeks a certificate
of appealability ("COA") pursuant to 28
U.S.C. § 2253(c) to challenge the district
court's dismissal of his petition for a writ
of habeas corpus. We deny Brown's re-
quest for a COA and dismiss.

I

Brown was convicted of aggravated
armed robbery in 1981. He was initially

---

* The case is unanimously ordered submitted
without oral argument pursuant to Fed.
R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G).
This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The Court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

sentenced as an habitual offender to a ten-to-forty-year prison term, but successfully challenged his sentence in a motion for postconviction relief and was resentenced to a five-to-twenty-year term in 1992. Because he had already served more than ten years by this time, he was conditionally released from the sentence.

Brown claims that, pursuant to Kansas administrative regulations in effect at the time of his conviction in 1981, his release in 1992 should have been unconditional. If his release had been unconditional, then his commission of a new offense in 1996 would not have resulted in his receiving a parole-violator term. The state district court rejected this argument, and the Kansas Court of Appeals, in a memorandum opinion filed May 1, 1998, likewise found no merit to the claim. On June 1, 1998, one day before the expiration of the time for filing a petition for review of the Court of Appeals' opinion, Brown's court-appointed attorney advised him that he had found no issues warranting review and that he therefore would not file a petition with the Kansas Supreme Court. Brown nonetheless filed a motion for an extension of time and a petition for review before the Kansas Supreme Court, arguing that a subsequent decision handed down by that court on June 5, 1998, was inconsistent with the Kansas Court of Appeals' disposition of his case. This petition for review was, however, denied as untimely.

Brown then brought a 28 U.S.C. § 2254 petition for a writ of habeas corpus in federal district court. Noting that "the Kansas Supreme Court's decision to deny review appears to be based on petitioner's failure to file a timely petition to that court," the district court ordered him to show cause why his habeas petition should not be dismissed based on the procedural default in state court. (R. Doc. 3 at 2.) In his response, Brown indicated that the de-

fault was due to the ineffectiveness of his attorney and that, moreover, it would be a miscarriage of justice for the federal court to refuse to reach the merits of his claim. The matter was referred by the district court to a magistrate judge, who recommended that the habeas petition be dismissed on the grounds that Brown had failed to comply with an independent and adequate state procedural rule and that he had failed to show either "cause and prejudice" for his failure to comply with the rule or that a "miscarriage of justice" would occur absent further federal review of his claim. The district court adopted the reasoning of the magistrate, dismissed the habeas petition, and denied a COA.

## II

This Court may issue a COA only if an applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meeting this standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). We review the legal conclusions of a district court in a habeas proceeding de novo. *Martin v. Kaiser,* 907 F.2d 931, 933 (10th Cir.1990).

Brown acknowledges that his petition before the Kansas Supreme Court for the discharge of his original sentence was untimely, and he does not dispute that his noncompliance with an independent and adequate state procedural rule precludes habeas review of his claim absent a showing of (1) both cause and prejudice, or (2)

manifest injustice if his claim is not considered further. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). He contends, however, that he can satisfy both the "cause and prejudice" and "manifest injustice" standards discussed in *Coleman.*

■ We note at the outset our agreement with the district court that the Kansas Supreme Court's refusal to entertain Brown's claim because he did not file a timely petition for review was based on an independent and adequate state ground that was clearly stated and not interwoven with federal law. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir.1993).

■ Brown urges that his failure to perfect a timely appeal before the Kansas Supreme Court was caused by the failure of his attorney to notify him that he would not be filing a petition for review until the day before the petition was due. In support of this contention, Brown submits correspondence between himself and his attorney that evidences his surprise at his attorney's inaction and refusal to follow his instructions. Brown also proffers several documents relating to other cases handled by this same attorney suggesting that in the past he was similarly derelict in his duty to file important court papers on behalf of his clients in a timely manner. As unsettling as these accusations appear on their face, we need not evaluate this evidence of counsel's supposed ineffectiveness. The Supreme Court clearly stated in *Coleman* that, because a petitioner "ha[s] no right to counsel to pursue [an] appeal in state habeas, any attorney error that led to the default of [petitioner's] claims in state court cannot constitute cause to·excuse the default in federal habeas." 501 U.S. at 757, 111 S.Ct. 2546.

Thus, even if we were to conclude that the reason for Brown's failure to perfect a state habeas appeal was due to the error of his attorney, that error alone would not constitute cause sufficient to excuse his procedural default.

■ Brown also contends that his procedural default should be excused on the ground that this Court's failure to reach the merits of his claim would result in a manifest injustice. · The "miscarriage of justice" exception, however, requires a "petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Although Brown does claim to be actually innocent of the aggravated armed robbery for which he was convicted (*see* Attachment to Appellant/Petitioner's Opening Br. at 1), this assertion alone is inadequate to satisfy the manifest injustice exception. *See Schlup*, 513 U.S. at 329, 115 S.Ct. 851 ("The meaning of actual innocence ... does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.").

Brown has therefore failed to demonstrate either cause for the procedural default of his claims before the state court or that his conviction resulted in a miscarriage of justice.

## III

Having concluded that Brown has not made a substantial showing of the denial of a constitutional right, his application for a COA is DENIED, and this matter is DIS-

MISSED.[1]

The mandate shall issue forthwith.

---

1. Brown filed a "Motion to Expand the Record and/or Joint of 96 CR 1729," along with a number of attachments. It is unclear from the motion precisely what he is asking this Court to do, but to the extent that his request is to supplement the record with the attached documents, the motion is granted. In all other respects, including his request "to add case 96 CR 1729 to [his] appeal" (Mot. to Expand R. at 1), the motion is denied.