**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD A. LOVATO,

      Petitioner - Appellant,

vs.

JOHN SUTHERS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1132
(D.C. No. 01-D-1394)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Ronald A. Lovato, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

judgment denying relief on his habeas application, 28 U.S.C. § 2254. The district

court determined that the petition was barred by the one-year limitation period in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

28 U.S.C. § 2244(d), or in the alternative that the claims contained in the petition had been procedurally defaulted.  R. Doc. 25 at 5-9.

On July 10, 1987, Mr. Lovato was convicted in Colorado of vehicular homicide, vehicular eluding, and leaving the scene of an accident resulting in death or bodily injury.  He was adjudicated as an habitual criminal, and sentenced to life imprisonment on July 13, 1987.  His conviction was affirmed by the Colorado Court of Appeals, and the Colorado Supreme Court denied certiorari review on January 8, 1990.  On January 12, 1996, the state district court denied Mr. Lovato's motion for proportionality review.  In October 1997, counsel was appointed to assist Mr. Lovato in pursuing state post-conviction relief.  On October 19, 1998, a Colo. R. Crim. P. 35(c) motion was filed on Mr. Lovato's behalf.  The district court denied the motion as time-barred pursuant to Colo. Rev. Stat. § 16-5-402.  The Colorado Court of Appeals affirmed the denial, and, on July 3, 2000, the Colorado Supreme Court denied certiorari review.  This § 2254 application was filed in July 2001.

A COA requires that an applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Meeting this standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). We review the legal conclusions of a district court in a habeas proceeding de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir. 1990).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner generally has one year from the date his conviction becomes final to file a petition for a writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Because Mr. Lovato's conviction became final before April 24, 1996--the effective date of AEDPA--he had until April 23, 1997, to file his habeas petition. See Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998). Although the AEDPA one-year limitation period is tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Mr. Lovato's state post-conviction actions pursuant to his Colo. R. Crim. P. 35(c) motion filed October 19, 1998, cannot toll the period of limitation because the motion was filed well after the April 23, 1997 date on which his habeas application would have been considered timely.

The one-year statute of limitations may be equitably tolled, although only

"when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Mr. Lovato has the burden of demonstrating that equitable tolling should apply. See Miller, 141 F.3d at 978. Mr. Lovato asserts two grounds for equitable tolling. First, the difficulty of the legal issues involved, and second, advice by a public defender to not file any postconviction motions until a proportionality review (as sought in the proceedings commenced October 27, 1998) was completed. Ignorance of the law generally will not excuse timely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220. There is no right to counsel in federal habeas proceedings, so lack of an attorney will not excuse an untimely habeas application. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). As for attorney advice (the date of which is unclear), the terms of the Colorado district court's order of January 12, 1996 make it quite clear that a proportionality review had been denied. We agree with the district court that Mr. Lovato has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas application in a timely manner. R. Doc. 25 at 6.

We DENY a COA and IFP and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge