961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Lucas SALAZAR, Petitioner-Appellant,
v.
Lou HESSE; Gale A. Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 91-1422.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Salazar, a pro se state prisoner, brought this petition for habeas corpus relief under 28 U.S.C. § 2254 (1988), alleging that he was denied due process and a fair trial by the prosecution's misconduct and the erroneous admission of evidence. The federal district court ruled that Salazar had not exhausted his state remedies and dismissed his petition without prejudice. We disagree, grant Salazar's motion for a certificate of probable cause, and reverse.
 
 
 3
 Salazar contends that the state trial judge admitted evidence undermining the credibility of Salazar's alibi witness even though the prosecution had not disclosed that evidence to Salazar prior to trial as required by Colo.R.Crim.P. 16. Salazar argues that his defense was thereby ambushed and undermined, depriving him of a fundamentally fair trial.[1] "[A]ny errors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir.1990). The same due process standard guides our review of the alleged prosecutorial misconduct. See Hopkinson v. Shillinger, 866 F.2d 1185, 1210 (10th Cir.), aff'd on reh'g en banc, 888 F.2d 1286 (10th Cir.1989). The issue before us is thus whether Salazar adequately presented his constitutional due process argument to the state courts.
 
 
 4
 The exhaustion requirement codified at section 2254(b) "does not require the defendant to cite 'book and verse on the federal constitution.' " Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.) (quoting Picard v. Connor, 404 U.S. 270, 278 (1971)), cert. denied, 490 U.S. 1112 (1989). A petitioner need only fairly present the substance of the federal habeas claim "to the state courts so that they have the first opportunity to hear the claim sought to be vindicated by the federal habeas petition." Id.
 
 
 5
 Although the state court materials attached to Salazar's brief on appeal[2] reveal that Salazar emphasized the prosecution's failure to comply with state Rule 16, he clearly asserted that this failure denied him due process and a fair trial. In his brief to the Colorado Court of Appeals, Salazar headed his argument with the statement that the prosecutor's misconduct denied him a fair trial, see Appellant's Brief on Appeal, ex. H, at 9, and stated as a subheading: "The Prosecutorial Misconduct Denied Defendant Salazar Due Process and a Fair Trial," id. at 11. In support of his argument that the prosecution's production of this evidence was "constitutionally compelled," Salazar cited to People v. Armstrong, 664 P.2d 716, 720-21 (Colo.App.1982), rev'd on other grounds, 701 P.2d 17 (Colo.1985). Although the discussion at the pages of Armstrong to which Salazar cites is directed to the failure to timely disclose arguably exculpatory evidence, rather than the prejudicial evidence at issue here, the court's analysis is nonetheless couched in terms of the federal constitutional requirements of due process. Likewise in his state petition for certiorari, Salazar contended that the prosecutor's conduct in failing to produce the evidence and the admission of that evidence both undermined state discovery rules and abridged his right to due process of law. See Appellant's Brief on Appeal, ex. G, at 7. Accordingly, we conclude that Salazar put the state courts on notice that he was raising a constitutional claim of denial of due process and a fair trial so as to provide those courts with an opportunity to consider the claim. See Nichols, 867 F.2d at 1252-53.
 
 
 6
 We conclude that Salazar has exhausted his due process claim. We grant his motion for a certificate of probable cause, reverse the dismissal of his petition, and remand for further proceedings on the merits of his claim. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Salazar has never contended either in state or federal court that the evidence was exculpatory in nature and that its disclosure was therefore governed by Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Bagley, 473 U.S. 667 (1985). To the contrary, Salazar alleged the prejudicial nature of this evidence, coupled with prosecutorial misconduct, as the basis for the alleged constitutional violation
 
 
 [2]
 We note that Salazar, who is pro se, may not have presented to the district court the state appellate papers which we find dispositive. We have held, however, that when a petitioner demonstrates that an issue has been exhausted by the time of the federal habeas appeal, the claim is cognizable in federal court. See Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988)