72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Lucas SALAZAR, Petitioner-Appellant,
v.
Lou HESSE; Gale Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 95-1186.
(D.C.No. 91-Z-1538).
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner James Lucas Salazar, a Colorado state prisoner, appeals the denial of relief on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We previously held that petitioner has exhausted his due process claim. Salazar v. Hesse, 961 F.2d 220 (10th Cir.1992)(table)(remanding for consideration of due process claim). On remand, the magistrate judge held an evidentiary hearing and recommended denial of the petition. The district court adopted that recommendation. We affirm.
 
 
 3
 Petitioner alleges that he was denied due process and a fair trial on state sexual assault charges. The state trial court permitted the prosecution to question its investigator, Fred Cope, regarding his conversation with petitioner's main alibi witness, Maxine Gallegos. Cope had secretly taped the conversation, but the prosecution had not revealed that to the defense. Cope was not allowed to refer to the tape or the transcript of the conversation, and neither was admitted into evidence.
 
 
 4
 Cope's testimony impeached Gallegos' credibility. Gallegos had testified that petitioner was at her home from late afternoon on May 8, 1988, until approximately 7:30 a.m. on May 9. The assault occurred at approximately 3:00 a.m. on May 9. Cope testified that Gallegos had been evasive about answering some of his questions, had refused to cooperate in locating other witnesses, and had failed to keep appointments with him. On cross-examination, Cope acknowledged that Gallegos had talked with him by telephone seven or eight times and had offered to talk to him again if he wished. As for refusing to answer his questions, Cope conceded that Gallegos had declined to answer some questions because she deemed them too personal.
 
 
 5
 Errors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness resulting in a denial of due process of law. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir.1990). Due process concerns arise if the prosecution withholds evidence that undermines witness credibility. See Hatch v. Oklahoma, 58 F.3d 1447, 1469 (10th Cir.1995) (citing Giglio v. United States, 405 U.S. 150, 154 (1972)). The failure to reveal impeachment evidence violates the Constitution if it deprives the defendant of a fair trial because impeachment evidence receives the same constitutional treatment as exculpatory evidence. Bowen v. Maynard, 799 F.2d 593, 610 (10th Cir.), cert. denied, 479 U.S. 962 (1986).
 
 
 6
 "[T]he question of materiality and the possible effect of the withheld evidence on the verdicts is a mixed question of fact and law," id., which we review de novo, Hatch, 58 F.3d at 1453. To establish a due process violation, petitioner must show " '1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material.' " Id. at 1469 (quoting United States v. Hughes, 33 F.3d 1248, 1251 (10th Cir.1994)). The evidence is material if there is a reasonable probability that the result of the trial would have been different had the defense learned of the evidence. United States v. Bagley, 473 U.S. 667, 682 (1985). A petitioner is not required to show that disclosure of the suppressed evidence would have led to his acquittal, but that the suppression " 'undermines confidence in the outcome of the trial.' " Kyles v. Whitley, 115 S.Ct. 1555, 1565-66 (1995) (quoting Bagley, 473 U.S. at 678). We view the suppressed evidence in the context of the entire record, not in isolation. Coleman v. Saffle, 912 F.2d 1217, 1221-22 (10th Cir.), cert. denied, 497 U.S. 1053 (1990).
 
 
 7
 The issue here is whether the prosecution's failure before trial to reveal the existence of the taped conversation between Cope and Gallegos denied petitioner due process. Petitioner argues that if he had known about the tape, Gallegos could have testified on direct examination about her telephone conversation with Cope, thereby lessening the adverse impact of Cope's testimony.
 
 
 8
 The prosecution endorsed Cope as a witness before trial. The trial court prohibited disclosing to the jury the existence of the tape and the transcript of the taped conversation. Cope's testimony did not challenge petitioner's alibi; it impeached Gallegos' credibility. Defense counsel vigorously cross-examined Cope. Petitioner admitted at the evidentiary hearing that he would have called Gallegos to testify even if he had known about the taped conversation with Cope.
 
 
 9
 We conclude that what Gallegos might have said if she had been questioned about the conversation is too speculative to undermine confidence in the outcome of the trial. After careful consideration of the record, we determine that the prosecution's failure to reveal before trial the existence of the tape and transcript did not render petitioner's trial so fundamentally unfair as to violate his due process rights.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470