**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CIPRIANO ZAMUDIO,

Defendant-Appellant.

No. 99-2256
(District of New Mexico)
(D.C. No. CIV-98-1168-JC)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The case is before this court on Appellant Cipriano Zamudio's request for a certificate of appealability ("COA"). Zamudio seeks a COA so he can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. [1] *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a petitioner may not appeal the denial of a § 2255 petition unless the petitioner first obtains a COA). Because Zamudio has not made "a substantial showing of the denial of a constitutional right," this court **denies** Zamudio's request for a COA and **dismisses** the appeal. *See id*. § 2253(c)(2).

Zamudio was indicted for conspiracy to possess with intent to distribute more than five kilograms of cocaine. Zamudio was convicted following a jury trial in federal court. On direct appeal, Zamudio raised several claims of error including: (1) counsel for one of his co-defendants improperly commented on his failure to testify; (2) the trial court improperly limited his right to cross-examine one of the government's witnesses; and (3) the trial court improperly admitted hearsay statements made by a co-defendant. This court rejected Zamudio's allegations of error and affirmed his conviction. *See United States v. Zamudio*, No. 96-2182, 1998 WL 166600 (10th Cir. April 6, 1998) (unpublished disposition).

---

[1]Zamudio has attached to his application for a COA certain documents that were not presented to the district court and are not part of the record on appeal. This court will not consider those documents in deciding whether to grant Zamudio's request for a COA. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994).

In his *pro se* § 2255 petition, Zamudio first asserted that his trial counsel had been ineffective in the following respects: (1) failing to challenge the sufficiency and credibility of the DEA agent's testimony about Zamudio's post-arrest statements; (2) failing to present all available evidence about the rental of a trailer used to transport the drugs; (3) failing to effectively cross-examine a co-conspirator who testified against Zamudio; (4) failing to investigate taped conversations Zamudio had with co-conspirators to determine whether the government complied with the federal wire tap statute (18 U.S.C. § 2510 *et. seq.*); (5) failing to make a motion to suppress the tapes made of the conversations between Zamudio and a co-conspirator; (6) failing to investigate the quantity of drugs to be attributed to Zamudio; and (7) failing to seek sentencing adjustments and Zamudio's eligibility for the safety valve provisions of U.S.S.G. § 5C1.2. Zamudio also claimed that his appellate counsel was ineffective for failing to raise the argument, on appeal, that his trial counsel failed to effectively cross-examine his co-conspirator.

In addition to his ineffective-assistance-of-counsel claims, Zamudio raised the following additional claims: (1) the DEA's failure to record his interrogation on the day he was taken into custody was a violation of the Fifth Amendment; (2) the DEA's failure to comply with the requirements of the federal wire tap statutes (8 U.S.C. § 2510 *et. seq.*) required that the recorded conversations between

Zamudio and a co-conspirator be suppressed; (3) he was denied his Sixth Amendment confrontation rights because of limitations placed on the cross-examination of a witness by the trial court; (4) the jury was biased; (5) the trial court erred when it instructed the jury regarding translations of the taped conversations between Zamudio and his co-conspirator; and (6) the government violated 18 U.S.C. § 201 by rewarding a cooperating co-defendant. [2]

Despite Zamudio's written objections, the district court adopted the magistrate judge's Proposed Findings and Recommended Disposition. Each claim raised in Zamudio's petition was painstakingly addressed in turn in the magistrate judge's Proposed Findings and Recommended Disposition which began by noting that to establish the ineffectiveness of his counsel, Zamudio must demonstrate both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *See* *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Applying *Strickland* to Zamudio's claims, the court concluded

---

[2]Although not directly addressed by the district court, Zamudio's § 2255 petition, liberally construed, could also be said to contain claims that: (1) Zamudio's due process rights were violated because the jury was not composed of a cross-section of the community; (2) Zamudio's trial counsel was ineffective for failing to challenge the composition of the jury; and (3) Zamudio's appellate counsel was ineffective for failing to raise the sentencing issues in his direct appeal. Assuming without deciding that the § 2255 petition contained these claims, this court has considered them and finds them either to be procedurally barred or without merit.

that Zamudio had failed, in each instance, to demonstrate deficient performance on the part of his counsel.

The district court noted that Zamudio's Sixth Amendment confrontation claims had been raised on direct appeal and rejected by this court. *See Zamudio*, 1998 WL 166600, at, *5-*8. Issues previously considered and disposed of on direct appeal will not be reconsidered in a § 2255 petition in the absence of an intervening change in the law. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). This court is unaware of any intervening law applicable to the Sixth Amendment issues raised by Zamudio in his § 2255 petition.

The district court then concluded that Zamudio's jury-bias claim and his claim attacking the district court's instructions pertaining to the tape translations were procedurally barred because they should have been brought in his direct appeal. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). The district court concluded that Zamudio had failed to show cause and prejudice or a miscarriage of justice. The district court further concluded that, even in the absence of a procedural bar, the claims had no merit.

The district court also rejected Zamudio's claim that the government violated 18 U.S.C. § 201 by rewarding a co-conspirator for his cooperation. *See United States v. Singleton*, 165 F.3d 1297, 1300-1302 (10th Cir. 1999) (en banc). The district court based it's conclusion on the fact that it's review of the co-conspirator's sentencing proceedings failed to show that the prosecutor had offered the co-conspirator "something other than a concession normally granted by the government in exchange for testimony." *Id*. at 1302.

The district court then rejected Zamudio's claim that his Fifth Amendment rights were violated by the DEA's failure to tape-record his interrogation. The court concluded that the Fifth Amendment does not require the recording of post-arrest statements. *See United States v. Yunis*, 859 F.2d 953, 961 (D.C. Cir. 1988) ("[T]there is no constitutional requirement that confessions be recorded by any particular means."). In the alternative, the district court, liberally construing Zamudio's claim as a due process challenge, concluded that the absence of a tape recording did not prejudice Zamudio so as to render the entire proceeding fundamentally unfair. *See Martin v. Kaiser*, 907 F.2d 931, 934 (10th Cir. 1990).

Finally, the district court rejected Zamudio's claim that his Fourth Amendment and statutory rights were violated by the recording of his conversations with a co-conspirator. The court noted that the co-conspirator consented to the recording of the conversations. *See United States v. White*, 401

U.S. 745, 747-54 (1971) (holding that a defendant's Fourth Amendment rights are not violated if conversations between the defendant and a government informant are electronically monitored with the consent of the informant). Further, the district court concluded that Zamudio's statutory rights had not been violated because the statute contains exceptions to the prohibition against wiretapping or other electronic surveillance if, as here, the conversation is recorded by a government informant who has consented to the recording of the conversation. *See* 18 U.S.C. § 2511(2)(c), (d).

After reviewing the parties' submissions, the Proposed Findings and Recommended Disposition, and Zamudio's objections thereto, the district court entered an order dismissing Zamudio's § 2255 petition. Zamudio sought and was denied a COA from the district court. In his appeal, Zamudio raises substantially the same issues raised in his § 2255 petition. [3]

This court has reviewed Zamudio's request for a COA, Zamudio's appellate brief, the magistrate judge's Proposed Findings and Recommended Disposition, the district court's order adopting the Proposed Findings and

---

[3]In his application for a COA and again in his appellate brief, Zamudio also attempts to raise, for the first time, the argument that his trial counsel was ineffective for failing to allow him to testify at his trial. Zamudio also attempts to raise for the first time the argument that his appellate counsel was ineffective for failing to visit him in prison and "debrief" him prior to filing the direct appeal. This court will not consider issues raised for the first time on appeal. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

Recommended Disposition, and the entire record before us. That review demonstrates that the district court's order denying relief is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Accordingly, Zamudio has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(1)(b). This court **denies** Zamudio's request for a COA for substantially those reasons set forth in the magistrate judge's Proposed Findings and Recommended Disposition as adopted by the district court in it's Order dated August 9, 1999, and **dismisses** this appeal.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge