F I L E D

**UNITED STATES COURT OF APPEALS**

**DEC 12 2002**

**TENTH CIRCUIT**

DONNIE RAY BOYD,

  Petitioner - Appellant,

v.

RON WARD, Director Oklahoma
Department of Corrections; STATE
OF OKLAHOMA,

  Respondents - Appellees.

No. 02-6134
D.C. No. CIV-01-1937-C
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Donnie Ray Boyd, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order dismissing his petition for a writ of habeas corpus as time-barred

under 28 U.S.C. § 2244(d)(1)(A).  We deny a COA and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

In March 1998, an Oklahoma jury convicted Mr. Boyd of first degree felony murder, conspiracy to commit a felony, and first degree burglary. He was sentenced to life imprisonment plus two consecutive terms of ten years each. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on December 10, 1999. On January 11, 2001, Mr. Boyd filed a federal habeas corpus petition, which the district court dismissed without prejudice on April 24, 2001 for failure to cure certain procedural deficiencies. Mr. Boyd thereafter filed an application for state post-conviction relief on May 8, 2001. The Oklahoma state court denied his application, and on November 5, 2001, the OCCA affirmed the denial. On December 10, 2001, Mr. Boyd initiated the instant action.[1]

The magistrate judge to whom the case was referred ordered Mr. Boyd to show cause why his petition should not be dismissed as untimely. Mr. Boyd thereafter filed a response arguing that he is actually innocent of the crimes for which he was convicted, that his failure to immediately file his second petition should be excused because of a delay in obtaining certain state trial court records, and that the district court erred in dismissing his initial federal habeas petition instead of staying his petition until his state-court remedies were exhausted. The

---

[1] Mr. Boyd signed his federal habeas petition on December 10, 2001. However, the petition was not file-stamped until December 21, 2001. Liberal application of the mailbox rule requires us to treat the petition as placed in the hands of prison authorities on the day it was signed. See Marsh v. Soares, 223 F.3d 1217, 1218 n. 1 (10th Cir. 1988).

magistrate judge recommended that the district court dismiss the action as time-barred, holding that Mr. Boyd was entitled to neither statutory nor equitable tolling of the one-year limitations period of 28 U.S.C. § 2244(d)(1). Over Mr. Boyd's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition with prejudice. This appeal followed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner generally has one year from the date his conviction becomes final to file a petition for a writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d)(1). This limitations period will be tolled during the pendency of a "properly filed application for State post-conviction or other collateral review . . . ." 28 U.S.C. § 2244(d)(2). Mr. Boyd's conviction became final on March 9, 2000.[2] Under § 2244(d)(1), Mr. Boyd therefore had until March 9, 2001 to file his federal habeas petition. As noted above, Mr. Boyd initiated the instant action no earlier than December 10, 2001. Consequently, in the absence of either statutory or equitable tolling, Mr. Boyd's petition would have been

---

[2]        The OCCA affirmed Mr. Boyd's conviction on December 10, 1999. However, because he did not seek review in the United States Supreme Court, the limitations period began to run only when the 90-day deadline for a certiorari petition expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that if a habeas petitioner has not sought review in the United States Supreme Court, the petitioner's conviction does not become final until "the time for filing a petition for certiorari with the Supreme Court has passed.") (internal quotations omitted).

untimely by over nine months.

We review de novo the legal conclusions of a district court in a habeas proceeding. See Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir. 1990). Moreover, where a district court denies a habeas petition on procedural grounds, a COA should issue only if the prisoner can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As an initial matter, we note that in his brief to this court Mr. Boyd has not challenged the propriety of the district court's ruling that his petition was time-barred. Instead, Mr. Boyd merely renews the claims contained in his petition that his trial and appellate counsel rendered ineffective assistance of counsel and that he is therefore entitled to habeas relief. However, even if Mr. Boyd had properly challenged the district court's finding that his petition was untimely, we are satisfied that the district court did not err in dismissing his action.

The district court held that statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) was unavailable because Mr. Boyd's application for state post-conviction relief was not filed before the one year limitations period had run. As already noted, Mr. Boyd filed his application for state post conviction relief on

May 8, 2001, well after the March 9, 2001 deadline.  Moreover, the one-year limitations period is not tolled under § 2244(d)(2) during the pendency of a prior federal habeas action.  See Duncan v. Walker, 533 U.S. 167, 181-182 (2001).  Consequently, Mr. Boyd's action cannot be tolled under § 2244(d)(2).  See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001) (holding that habeas petitioner's action was not subject to statutory tolling under § 2244(d)(2) because he failed to initiate state post-conviction relief proceedings before the end of the limitations period).

In light of the foregoing, Mr. Boyd's petition can only be deemed timely if the petition is subject to equitable tolling.  We have held that equitable tolling is available only in "rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted), and that for equitable tolling to apply, an inmate must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  In discussing each of Mr. Boyd's arguments that could possibly be construed as a claim that the limitations period should be tolled, the magistrate judge held that equitable tolling was not available in the present action.  Specifically, the magistrate judge held that Mr. Boyd failed to establish the existence of "extraordinary circumstances" justifying the application of equitable tolling, and that in any case, Mr. Boyd did

not diligently pursue his claims.  After carefully reviewing the magistrate judge's report and recommendation, the district court's order of dismissal, and the record on appeal, we are satisfied that the district court correctly concluded that equitable tolling should not apply in the instant action.

Accordingly, we DENY Mr. Boyd's request for a COA, DENY his request to proceed in forma pauperis as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge