**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON LEE BENSHOOF,

      Petitioner - Appellant,

v.

ROD TAVANELLO; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 10-6207
(D.C. No. 5:10-CV-00381-M)
(W.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner Aaron Lee Benshoof, an Oklahoma prisoner appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his application for habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of application). Because no reasonable jurist could debate that the district court erred in denying Mr. Benshoof's application, we deny his request for a COA and dismiss the appeal.

I.     **BACKGROUND**

On August 11, 2003, Mr. Benshoof pleaded nolo contendere in Oklahoma state court to having committed assault and battery with a dangerous weapon in November 2002. On April 2, 2004, the court deferred sentencing for five years, placing Mr. Benshoof on probation in the interim. But three years later Mr. Benshoof violated the terms of his probation, and on April 4, 2007, the court accelerated sentencing and imposed a five-year sentence, with the first two years to be served in the custody of the Oklahoma Department of Corrections and the remaining three years suspended, again subject to terms and conditions of probation. In January 2009, in response to the State's motion, the state district court revoked the remaining three years of Mr. Benshoof's sentence.

In late October 2009, Mr. Benshoof filed in the state district court an action for postconviction relief, which the court denied on December 29, 2009. Mr. Benshoof then filed his application under § 2254 in the United States District Court for the Western District of Oklahoma on April 9, 2010, alleging 11 grounds for relief, which are somewhat repetitious and overlapping.

The first seven grounds challenge the validity of his conviction. They allege (1) that his trial counsel colluded with the prosecution, refused to investigate exculpatory evidence, and coerced him into entering a plea of nolo contendere; (2) that the State suppressed exculpatory evidence described as "a multitude of formal documents," R. at 13; (3) that Mr. Benshoof's plea of nolo contendere was "unlawfully induced by the threatening direction of collusive

counsel," R. at 15; (4) that his trial counsel was ineffective in various respects, including by waiving a preliminary hearing; (5) that his counsel improperly warned him against appealing his conviction; (6) that his conviction violated his Second Amendment right to bear arms; and (7) that his trial counsel and the prosecutor acted together to deny him "'[e]qual protection of the laws,'" because the prosecutor could not prove his "subjective intent." R. at 21 (emphasis omitted).

The remaining four grounds challenge certain procedural aspects of Mr. Benshoof's state postconviction action. Grounds 8 and 9 assert that the state district court denied Mr. Benshoof due process by rejecting his request for documents at public expense and by refusing to file certain pleadings that he submitted during the postconviction proceeding. Ground 10 alleges that the state court denied his application for postconviction relief without making adequate findings. And ground 11 asserts that the state court made "an unlawful secondary ruling" that was both "collusive" and barred by res judicata. R. at 25.

The magistrate judge recommended dismissing Mr. Benshoof's application as untimely as to grounds 1 through 7, and for failure to state a cognizable claim for habeas relief as to grounds 8 through 11. After considering Mr. Benshoof's objections, the district court adopted the magistrate judge's recommendation and issued an order denying the application.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* After reviewing the record, we do not think that reasonable jurists could debate the propriety of the district court's dismissal of Mr. Benshoof's petition.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" must be filed within one year of the latest of certain

events.  28 U.S.C. § 2244(d)(1).  The event relevant to this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  The district court and the magistrate judge said that Mr. Benshoof's conviction became final on April 12, 2004, ten days after he entered his plea of nolo contendere.  *See* Okla. Stat. tit. 22, ch. 18, App., Rule 4.2 (2003) (defendant cannot appeal conviction on a plea of guilty or nolo contendere unless he has filed an application to withdraw his plea within 10 days after judgment).  One could argue, however, that Mr. Benshoof's conviction did not become final for another three years, on April 14, 2007,  ten days after sentence was imposed.  *See Shoemake v. Hightower*, 37 F. App'x 976 (10th Cir. 2002) (for purposes of § 2244(d)(1)(A), conviction became final ten days after the defendant's sentencing at the acceleration hearing).  But even if we use the later date, the § 2254 application filed in April 2010 was untimely with respect to Mr. Benshoof's first seven claims—those challenging the validity of his conviction.

Statutory tolling does not alter this result.  Although the one-year limitation period is tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2)**,** Mr. Benshoof's state postconviction action was not filed until October 2009, more than one year after his § 2254

-5-

application was due.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Nor has Mr. Benshoof shown that he is entitled to equitable tolling. Although "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), Mr. Benshoof is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2563 (internal quotation marks omitted).  Mr. Benshoof argues on appeal, as he did below, that his claims were equitably tolled because his attorney warned him against appealing, but he fails to explain how that warning delayed his postconviction claims.  He appears to believe that all he needs to show is that his attorney's misconduct was egregious, apparently relying on the Supreme Court's statement that "professional misconduct . . . could . . . amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."  *Id.* at 2563.  This statement, however, was directed at equitable-tolling claims based on attorney misconduct that delayed the filing of a habeas application.  *See id.* at 2563-64.  Mr. Benshoof does not claim such delay.  As stated above, he fails to explain how his counsel's warning precluded timely filing of his application.

Finally, Mr. Benshoof's remaining four claims—those challenging certain procedural aspects of his postconviction action in state court—are not cognizable under § 2254. *See Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (defendant's claim challenging Oklahoma's postconviction procedures "fail[s] to state a federal constitutional claim cognizable in a federal habeas proceeding"). Thus, the district court was clearly correct in dismissing those claims.

## III.   CONCLUSION

Because no reasonable jurist could debate whether Mr. Benshoof's application under § 2254 ought to have been granted, we DENY his request for a COA and DISMISS his application.  We DENY all his pending motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-7-